## Edward C. Williams, Adm'r, v. Bradner Smith & Co.

1. VOLUNTARY ASSIGNMENTS—*Personal Liability of the Assignee.*— Under the order of the County Court an assignee continued this business of the assignor, and in doing so purchased goods from a third party, who presented his claim and received a dividend the same as other creditors. *Held*, that he was estopped by such action to hold the assignee or his estate personally liable for the balance of the purchase price of said goods.

Claim in Probate.—Trial in the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding. Finding and judgment for claimant. Appeal by the administrator. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded, with directions. Opinion filed October 21, 1898.

BANGS, WOOD & BANGS, attorneys for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

There are not many differences which need be mentioned between this case and the case of the same appellant against Sterns Paper Co., *supra*, in this court, in which an opinion is filed herewith.

The appellee, an Illinois corporation, was one of the original creditors of the insolvent, and as such appeared in the County Court November 9, 1892, and filed objections to the allowance of a certain claim made against the insolvent's estate.

September 29, 1892, appellee filed in said matter, in the County Court, a petition verified by its treasurer, in which

it is stated, among other things, that an order was entered by the County Court January 30, 1892, authorizing the assignee, George E. Lloyd, to conduct and operate the business theretofore done; that "said George E. Lloyd as assignee continued to carry on said business, and purchased goods as assignee for the purpose of carrying on said business; that said George E. Lloyd as assignee purchased divers goods and merchandise from your petitioner;" * * * " that said goods were purchased in accordance with the orders of this court heretofore entered, and said goods were used, as your petitioner is informed and believes, for the benefit of the said estate;" that no objection has ever been raised "that the amount was not actually due from said estate to your petitioner," and that an order be entered directing the assignee to pay petitioner's claim " out of the assets of the said estate."

The appellee had its claim allowed and received a dividend the same as was done in the Sterns Paper Co. case, and in all essential particulars the two cases are alike. The opinion in that case is decisive of this case.

The judgment of the Circuit Court is reversed and the cause remanded, and that court will enter judgment against the appellee. Reversed and remanded, with directions.